SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
SARAH CARLSON LAMBERT (SBN: 247360)
slambert@grsm.com
consumerwarrantyJAGUAR@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDIP VARAITCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>(Removed from Fresno County Superior Court, Case No. 25CECG04053)<br><br>**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>Sup. Ct. Comp. Filed: August 28, 2025<br>Removed: October 6, 2025 |

# NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant JAGUAR LAND ROVER NORTH AMERICA LLC ("JLRNA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending in Case No. 25CECG04053 of the Superior Court of California, County of Fresno. In support of this removal, JLRNA states as follows:

## I. THE REMOVED CASE

1. This removed case is a civil action commenced in the Superior Court of California, County of Fresno by Plaintiff AMANDIP VARAITCH ("Plaintiff") against JLRNA, entitled *Amandip Varaitch v. Jaguar Land Rover North America, LLC, et al.,* Fresno County Superior Court Case No. 25CECG04053 (the "State Action"). (*See* **Exh. A** to the Declaration of Sarah Carlson Lambert ("Lambert Decl."), filed concurrently herewith.)

2. Plaintiff filed the State Action on August 28, 2025. Plaintiff asserted against JLRNA, three causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), including for breaches of express and implied warranty. All claims are based on Plaintiff's purchase of a used 2023 Land Rover Defender, VIN: SALE26EU0P2166685 ("The Subject Vehicle"). (*See* **Exh. A** *generally*, and Lambert Decl., ¶ 4).

3. Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ."

## II. PROCEDURAL REQUIREMENTS

4. JLRNA has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). JLRNA was served with a

-1-
DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

copy of the Complaint on September 4, 2025. (Lambert Decl., ¶ 5.) This Notice of Removal is therefore timely filed.

5. A case may be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 no later than one year after commencement of the action. *28 U.S.C § 1446(c)(1)*.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders for the State Action in JLRNA's possession are contained in **Exhs. A-F** to the Lambert Declaration, filed herewith.

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place where the State Action has been pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Fresno, promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing the same in this Court.

10. If any question arises as to the propriety of the removal of this action, JLRNA requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of JLRNA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

///

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

#### A. Plaintiff's Damages

12. The amount in controversy in this action exceeds exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the Plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

15. JLRNA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, JLRNA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the

amount in controversy is satisfied. *Id.*

16. In this products liability case, Plaintiff seeks monetary damages and statutory relief. Plaintiff asserts claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) based upon alleged defects in a used 2023 Land Rover Defender purchased by Plaintiff on or about October 17, 2024 (*see* Complaint, *generally*).

17. In the Complaint, Plaintiff seeks actual damages, restitution, consequential and incidental damages, and rescission of the purchase contract.

18. Plaintiff also seeks "a civil penalty in the amount of two times Plaintiff's actual damages" pursuant to Civil Code section 1794. (Complaint at ¶ 33, 60; Prayer, p. 9.)

19. In addition, Plaintiff seeks costs of the suit, and reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision(d), and "prejudgment interest at the legal rate." (Complaint at Prayer, p. 9.)

20. Where, like here, a claim is asserted under the Song-Beverly Consumer Warranty Act (the "Act"), the court may consider both actual damages and civil penalties under the Act in determining the amount in controversy. See, *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D. Cal. 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties).

21. The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

22. Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). (Emphasis added.)

DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

23.     If Plaintiff was to prevail on his Song-Beverly Act claims, he could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorneys' fees. As noted above, in the Complaint, Plaintiff seeks a repurchase of the Subject Vehicle (restitution of "all monies expended"), a civil penalty in the amount of up to two times Plaintiff's actual damages, and attorney's fees and costs.

24.     According to the Complaint, the Subject Vehicle has a value of $107,339.76. (Complaint at ¶ 8.) Plaintiff's claim for actual damages and a civil penalty of two times that amount equals $322,019.28. Thus, the face of Plaintiff's Complaint demonstrates that Plaintiff seeks damages well in excess of $75,000, even excluding attorney's fees.

25.     Plaintiff further seeks unspecified incidental and consequential damages, and also prejudgment interest, which would further increase the amount in controversy. Furthermore, Plaintiff seeks attorney's fees, which also adds on to the amount in controversy.

26.     Based upon the foregoing, the total amount in controversy exceeds $75,000 and removal is proper.

## IV.   DIVERSITY OF CITIZENSHIP EXISTS

27.     The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. See, e.g,, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

28.     "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is

the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage,* LP, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc*., 357 F.3d 827, 829 (8th Cir. 2004).

29. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of the Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." *28 U.S.C. §1446(b)(3)*.

30. In the instant case, Plaintiff has stated in the Complaint (at ¶ 2) that he "is a citizen of the State of California, residing in the City of Clovis." *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)

### A. JLRNA Is Not A Citizen Of California

31. Defendant JLRNA is, and at all times relevant was, a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). JLRNA has a single member, Jaguar Land Rover Limited. Jaguar Land Rover Limited is a private company limited by shares. Jaguar Land Rover Limited was incorporated in England and Wales, and its principal place of business is the United Kingdom with its registered office in Coventry, England. Jaguar Land Rover North America, LLC is not, and was not at any relevant time, a citizen of the State of California. (See JLRNA's Notice of Interested Parties.)

32. For all of the foregoing reasons, complete diversity exists as JLRNA is

a resident of New Jersey and Delaware and Plaintiff is a resident of California. Accordingly, complete diversity exists for purposes of 28 U.S.C. §1332 jurisdiction inasmuch as diversity among the parties to this action existed at the time the action was commenced in state court and at the time of removal.

33. The Complaint also names defendants Does 1 through 10. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded for removal purposes.

## V. CONCLUSION

34. Consequently, the State Action may be removed to this Court by JLRNA in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: October 6, 2025     GORDON REES SCULLY MANSUKHANI, LLP

      /S/ Sarah Carlson Lambert
Spencer P. Hugret
Sarah Carlson Lambert
Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA LLC